# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leandro Andy Martinez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-01564-PHX-RCC<br><br>**ORDER** |

      Pending before this Court is Petitioner Leandro Martinez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Kimmins for a Report and Recommendation ("R&R"). On June 16, 2020 Magistrate Judge Kimmins issued an R&R in which she recommended the Court deny Petitioner's Petition for Writ of Habeas Corpus. (Doc. 22). Magistrate Judge Kimmins notified the parties that they had fourteen days from the date of the R&R to file objections and an additional fourteen days to file a response. *Id.* Petitioner filed Objections to the R&R (Doc. 29), and Respondent filed a Response to Petitioner's Objections (Doc. 30). For the reasons stated below, the Court adopts the Magistrate Judge's R&R, denying the Petition for Writ of Habeas Corpus (Doc. 1), and denying Petitioner's request for an evidentiary hearing.

## Factual and Procedural Background

      Neither Party disputes this case's factual and procedural background. Since there is no dispute, this Court adopts the factual and procedural background as set forth in the R&R and will not reiterate it here in its entirety. However, a brief recitation of the facts is necessary for clarity.

Petitioner's arrest stems from a confrontation in front of a convenience store where two people were sitting near their vehicle. *State v. Martinez*, No. 1 CA-CR 12-0310, 2014 WL 457668, at *1 (Ariz. Ct. App. Feb. 4, 2014). The store owner approached the vehicle and the passenger, with a beer bottle in-hand, stepped out of the car to speak with the store owner. *Id.* The passenger and store owner get into an argument that quickly escalates. *Id.* The passenger dropped the beer bottle and opened fire on the store owner and his employees. *Id.* Then, passenger got back into the vehicle and fled. *Id.*

The police investigated the incident and recovered the beer bottle that the passenger dropped at the crime scene. *Id.* Almost a year after the incident, the police spoke to a witness of the incident who identified Petitioner as the shooter. *Id.* Petitioner was arrested shortly thereafter, and his case proceeded to trial. *Id.* On February 6, 2012, a Maricopa County Superior Court jury found Petitioner guilty of second-degree murder, two counts of attempted second-degree murder, and three counts of aggravated assault. (Doc. 12-1 at 53-58). Petitioner appealed his conviction to the Arizona Court of Appeals where his conviction was affirmed. Now, Petitioner appears before this Court requesting a Writ of Habeas Corpus alleging a *Brady* violation and infective assistance of counsel. (Doc. 1).

**Report and Recommendation: Standard of Review**

"District judges have the power to refer a case to magistrate judge to hear and determine pretrial matters before the court." 28 U.S.C. § 636(b)(1); LRCiv 72.1(a). While magistrate judges do not have the authority to dismiss, they may prepare a R&R to aid the district judge in the disposition of the case. § 636(b)(1)(B)-(C). After receiving the magistrate judge's R&R, the parties may file written objections to the magistrate judge's recommendation. § 636(b)(1)(C). The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id.* Moreover, "while the statute does not

require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Finally, the district judge determines whether to accept, reject, or modify the magistrate judge's recommendation. *Id.*

**AEDPA Standard of Review**

Habeas review of a state court judgment is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:" (1) was contrary to federal law established at the time; (2) involved an unreasonable application of law; or (3) was based on an unreasonable determination of the facts in light of the evidence presented at trial. § 2254 (d). Under the AEDPA, federal courts reviewing a state court's decision must apply a highly deferential standard of review to the state court's decisions on the merits. *See Lambert v. Blodgett*, 393 F.3d 943, 971 (9th Cir. 2004).

**Analysis**

Claim #1

Petitioner raises two objections to the R&R. First, Petitioner alleges the State of Arizona committed a *Brady* violation by failing to disclose exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Petitioner alleges that the Surprise Police Department failed to disclose the personnel file of the crime scene analyst who photographed and collected evidence at the crime scene. Petitioner asserts that the analyst's personnel file contained evidence of an affair with a former police chief and evidence of improper timecard submissions that Petitioner could have used for impeachment on cross-examination at his criminal trial.

To establish a *Brady* violation, Petitioner must show that the prosecution suppressed material evidence upon request that was favorable to the accused. *Brady*, 373 U.S. at 87 (1963). Here, Petitioner fails to establish a *Brady* violation because the Arizona State Court of Appeals already ruled on the admissibility of the crime scene analyst's personnel file.

Specifically, the Arizona Court of Appeals rejected Petitioner's argument, holding that the analyst's personnel file was inadmissible, even for impeachment purposes. *State v. Martinez*, No. 1 CA-CR 12-0310, 2014 WL 457668, at *2–3 (Ariz. Ct. App. Feb. 4, 2014). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Petitioner's asserted use for the personnel file runs contrary to the inadmissibility ruling of the Arizona Court of Appeals. As a result, Petitioner's argument fails because this Court will not challenge…

Furthermore, Petitioner's argument as to Claim 1 fails to indicate how evidence of the analyst's previous misconduct is in any way material to his case. Petitioner simply asserts that he would have obtained the ability to "expose" the crime scene analyst. *Id*. Under *Brady*, the dispositive inquiry is whether the crime scene analyst's file was material information warranting disclosure. CITE The personnel file is only material if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Comstock v. Humphries*, 786 F.3d 701, 710 (9th Cir. 2015).

Additionally, there is no *Brady* violation because the crime scene analyst's personnel file was not material to Petitioner's guilty verdict. At trial, the Prosecution presented a witness who identified the suspect as the shooter, the shooting victims who identified the beer bottle Petitioner held and dropped during the incident, and the DNA recovered from the beer bottle that contained Petitioner's DNA. Petitioner fails to present any evidence to show how the crime scene analyst's relationship with a former police chief or improper timecard submissions are enough to undermine the Court's confidence in Petitioner's guilty verdict. Assuming, *arguendo*, Petitioner could have introduced this evidence at trial, Petitioner provides no explanation as to the weight or importance of this personnel file. Consequently, this Court reaches the conclusion shared by the Maricopa County Superior Court, the Arizona Court of Appeals, and Magistrate Judge Kimmins — the crime scene analyst's file was not material under *Brady*. This Court adopts the R&R's recommendation as to Claim 1. Petitioner has failed to establish a *Brady* violation.

Claim #2

Second, Petitioner alleges ineffective assistance of counsel in violation of the Sixth Amendment because his attorney did not interview some of Petitioner's alibi witnesses. Petitioner claims that his attorney had the names of individuals that would have placed him at a house party nearby during the time the shooting occurred. (Doc. 29 at 3). According to Petitioner, his alibi witnesses could have provided statements that may have induced a favorable plea bargain. *Id*.

Ineffective assistance claims are analyzed under the parameters set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). To establish ineffective assistance, Petitioner must show that his counsel's performance was deficient, and that deficient performance prejudiced him. *Id.* at 687. Judicial review of attorney performance is "highly deferential." *Id.* at 689. "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 691-92.

Here, Petitioner's second claim fails because there is no evidence that his counsel prejudiced his case with the exclusion of the alleged alibi witnesses. This Court evaluates counsel's decision not to investigate alibi witnesses for "reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*. at 691. Counsel's decision to exclude alibi witnesses appears reasonable given the evidence presented. Petitioner was positively identified by one of the shooting victims who also gave Petitioner's name, and police recovered the beer bottle Petitioner held and dropped during the incident, providing DNA evidence confirming Petitioner's presence. An attorney's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Id*. at 691.

Additionally, the Arizona Court of Appeals previously rejected Petitioner's ineffective assistance argument for the exclusion of alibi witnesses. The Arizona Court of Appeals reasoned that:

> Trial counsel could have concluded a jury would not accept an alibi defense absent Martinez's testimony or some other explanation of the DNA evidence placing him at the scene. And counsel readily could have decided that Martinez's explanation of how his DNA came to be on the beer bottle held by the shooter was incredible, and that its lack of believability would have tainted both Martinez's claimed alibi and the testimony of any witness supporting that claim, and thus tainted Martinez's defense as a whole.

*State v. Martinez*, No. 2 CA-CR 2017-0220-PR, 2017 WL 3971347, at *2 (Ariz. Ct. App. Sept. 8, 2017). There is no evidence in the record to suggest that the trial strategy of Petitioner's counsel was ineffective or unreasonable, nor is there any evidence of Petitioner's counsel's actions tainting the trial court's decision. Thus, Claim 2 fails.

Petitioner's Request for Evidentiary Hearing

In his Objections to the R&R, Petitioner requests an evidentiary hearing. However, Petitioner is not entitled to an evidentiary hearing. Petitioner's request for an evidentiary hearing is governed by 28 U.S.C. § 2254(e). Petitioner fails to assert a new rule of constitutional law or a factual predicate that could not have been discovered previously. *See Id.* As a result, Petitioner's request for an evidentiary hearing fails.

Certificate of Appealability

"[W]hen a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after April 24, 1996 (the effective date of AEDPA), the right to appeal is governed by the certificate of appealability ("COA") requirements now found at 28 U.S.C. § 2253(c)." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Under §2253, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal citations omitted).

The issue is whether Petitioner's arguments deserve encouragement to proceed further. They do not. As explained herein, the Arizona Court of Appeals expressly rejected Petitioner's argument as to Claim 1 and the use of the crime scene analyst's personnel file

for impeachment purposes. Additionally, Petitioner's argument as to Claim 2 is without merit because Petitioner has failed to make a showing of ineffective assistance by trial counsel.

### Conclusion

After a thorough and careful review of the record, the R&R, Petitioner's Objections, and the State of Arizona's Response, this Court adopts Magistrate Judge Kimmins' R&R. (Doc. 22). Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. **IT IS FURTHER ORDERED** Petitioner's request for an evidentiary hearing is **DENIED**. The Clerk of the Court shall close this case and docket accordingly.

Dated this 26th day of January, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge